UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF TEXAS, <br><br> Plaintiffs, <br><br> v. <br><br> KIRBY INLAND MARINE, LP, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

# COMPLAINT

The United States of America, by authority of the Attorney General of the United States, acting at the request of the National Oceanic and Atmospheric Administration ("NOAA"), and the State of Texas (the "State"), appearing through the Office of the Texas Attorney General on behalf of the Texas General Land Office ("TGLO"), the Texas Commission on Environmental Quality ("TCEQ"), and the Texas Parks and Wildlife Department ("TPWD"), file this Complaint and allege as follows:

## NATURE OF THE CASE

1. This is a civil action brought against Defendant Kirby Inland Marine, LP ("Kirby" or "Defendant") for recovery of damages for injury to, destruction of, loss of, or loss of use of natural resources, under Section 1002 of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702. On May 10, 2019, oil in the form of a gasoline blending stock known as reformate was discharged from Kirby's tank barge 30015T during a collision with the tanker ship *Genesis River* near Bayport, Texas. Oil discharged from the Kirby barge into the Houston Ship Channel and proceeded to impact portions of the Ship Channel, Galveston Bay, and the Texas coastline.

1

Plaintiffs seek damages under OPA to compensate for and restore natural resources injured by the oil discharge. Plaintiffs also seek to recover their unreimbursed assessment and restoration planning costs.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and Section 1017(b) of OPA, 33 U.S.C. § 2717(b). The Court also has jurisdiction over Defendant.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and Section 1017(b) of OPA, 33 U.S.C. § 2717(b), because Defendant resides and does business in this district and the oil discharge occurred in this district.

## STATUTORY BACKGROUND

4. Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides that "each responsible party for a vessel or a facility from which oil is discharged . . . into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in [33 U.S.C. § 2702(b)] that result from such incident."

5. Section 1001(32)(A) of OPA, 33 U.S.C. § 2701(32)(A), defines "responsible party" to include, in the case of a vessel, "any person owning, operating, or demise chartering the vessel."

6. Section 1001(27) of OPA, 33 U.S.C. § 2701(27), defines "person" to include a corporation.

7. Section 1001(37) of OPA, 33 U.S.C. § 2701(37), defines "vessel" to mean "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water, other than a public vessel."

8. Section 1001(23) of OPA, 33 U.S.C. § 2701(23), defines "oil" to mean "oil of any

kind or in any form, including petroleum."

9. Section 1001(7) of OPA, 33 U.S.C. § 2701(7), defines "discharge" to mean "any emission (other than natural seepage), intentional or unintentional," and to include "spilling, leaking, pumping, pouring, emitting, emptying, or dumping."

10. Section 1001(21) of OPA, 33 U.S.C. § 2701(21), defines "navigable waters" to mean "the waters of the United States, including the territorial seas."

11. Section 1002(b)(2) of OPA, 33 U.S.C. § 2702(b)(2), provides that the "damages" referred to in Section 1002(a) of OPA, 33 U.S.C. § 2702(a), include "[d]amages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage, which shall be recoverable by a United States trustee, a State trustee, an Indian tribe trustee, or a foreign trustee."

12. Section 1001(20) of OPA, 33 U.S.C. § 2701(20), defines "natural resources" to include "land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States (including the resources of the exclusive economic zone), any State or local government or Indian tribe, or any foreign government."

13. Section 1001(14) of OPA, 33 U.S.C. § 2701(14), defines "incident" to mean "any occurrence or series of occurrences having the same origin, involving one or more vessels . . . , resulting in the discharge . . . of oil."

14. The trustees for the natural resources injured by the oil discharge include NOAA on behalf of the United States, and TGLO, TCEQ, and TPWD on behalf of the State of Texas (collectively, the "Trustees").

15. NOAA is designated as a trustee pursuant to Section 1006(b)(2) of OPA,

3

33 U.S.C. § 2706(b)(2), Subpart G of the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP") (40 C.F.R. § 300.600, *et seq*.) and Executive Order 12580 (3 C.F.R., 1987 Comp. p. 193, 52 Fed. Reg. 2923 (January 23, 1987) as amended by Executive Order 12777 (56 Fed. Reg. 54757 (October 22, 1991)).

16. TGLO, TCEQ, and TPWD are designated as trustees by the Governor of Texas pursuant to Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3), and subpart G of the NCP, 40 C.F.R. § 300.605.

17. Pursuant to OPA, the Trustees are acting on behalf of the public to seek damages for the injury to, destruction of, loss of, or loss of use of natural resources resulting from the discharge of oil.

## CLAIM FOR RELIEF

### Natural Resource Damages under Section 1002 of OPA

18. The preceding paragraphs are realleged and incorporated herein by reference.

19. On May 10, 2019, oil in the form of a gasoline blending stock known as reformate was discharged into the Houston Ship Channel from Kirby's tank barge 30015T during a collision with the 755-foot tanker ship *Genesis River* near Bayport, Texas. Kirby's barge 30015T was connected to another Kirby tank barge, and both barges were being pushed by the Kirby towing vessel *M/V Voyager*. The bow of the *Genesis River* cut through the double hull of Kirby's barge 30015T and ruptured two of the barge's oil storage tanks. Oil discharged from the barge into the waterway and polluted parts of the Houston Ship Channel, Galveston Bay, and the Texas coastline.

20. Chemical components of reformate are known to be harmful to terrestrial and aquatic life.

21. Kirby is the "responsible party" for Kirby's tank barge 30015T within the meaning of Section 1001(32)(A) of OPA, 33 U.S.C. § 2701(32)(A).

22. Kirby is a corporate entity and a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

23. At the time of the oil discharge, Kirby was the owner and operator of the tank barge 30015T.

24. Kirby's tank barge 30015T is a "vessel" within the meaning of Section 1001(37) of OPA, 33 U.S.C. § 2701(37).

25. The spilling of oil from the Kirby tank barge was a "discharge" within the meaning of Section 1001(7) of OPA, 33 U.S.C. § 2701(7). Kirby reported to TGLO that the incident resulted in an estimated discharge of 14,278.14 barrels (about 600,000 gallons) of oil into the waterway.

26. The reformate released during the incident was "oil" within the meaning of Section 1001(23) of OPA, 33 U.S.C. § 2701(23).

27. The Houston Ship Channel and Galveston Bay are "navigable waters" of the United States within the meaning of Section 1001(21) of OPA, 33 U.S.C. § 2701(21).

28. The oil discharge polluted portions of the Houston Ship Channel, Galveston Bay, and the Texas coastline where it washed ashore roughly between Red Bluff and Eagle Point.

29. Numerous types of aquatic life are known to inhabit the areas impacted by the oil discharge.

30. Kirby, the United States Coast Guard, and the State responded to the spill and conducted and monitored cleanup efforts.

31. The oil discharge caused injury to, destruction of, loss of, or loss of use of

"natural resources" belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States or the State within the meaning of Section 1001(20) of OPA, 33 U.S.C. § 2701(20), including subtidal and intertidal habitats and aquatic life.

32. During the oil spill response and cleanup, dead marine organisms, including fish and invertebrates, were observed at several locations along the western shoreline of Galveston Bay, with stranded animals observed and collected between May 13 and May 19, 2019. The stranded species ranged from pelagic (open water) to demersal (bottom dwelling) species.

33. The Trustees for the United States and the State are coordinating injury assessment and restoration efforts.

34. To assess natural resource injuries, the Trustees are using information from the response and preassessment work, including field observations, oil chemistry, oil toxicity from literature, modeling, and calculated reformate concentrations. The Trustees are using this information to determine the compensatory restoration requirements for the oil spill.

35. Plaintiffs have incurred costs in assessing injuries to natural resources resulting from the oil spill and in their initial restoration planning.

36. Pursuant to Section 1002(a) and (b)(2) of OPA, 33 U.S.C. § 2702(a) and (b)(2), Kirby is liable to the United States and to the State for damages for injury to, destruction of, loss of, or loss of use of natural resources, including the reasonable costs of assessing such injury, destruction, loss, or loss of use resulting from the discharge of oil from Kirby's vessel as alleged in this Complaint.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Award Plaintiffs a judgment against Defendant Kirby Inland Marine, LP for all damages for injury to, destruction of, loss of, or loss of use of natural resources, including reimbursement of Plaintiffs' assessment and restoration planning costs; and

B. Award Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA:**

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


*/s/ Jason T. Barbeau*
JASON T. BARBEAU
Senior Trial Attorney (D.C. Bar No. 468200)
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
(202) 616-8908 (telephone)
(202) 616-6584 (facsimile)
jason.barbeau@usdoj.gov

JENNIFER LOWERY
Acting United States Attorney
Southern District of Texas

DANIEL DAVID HU
Chief, Civil Division (Texas Bar No. 10131415)
United States Attorney's Office
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, TX  77002
Phone: (713) 567-9518
E-mail: daniel.hu@usdoj.gov

**FOR THE STATE OF TEXAS:**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division


*/s/ Phillip Ledbetter**
PHILLIP LEDBETTER
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24041316
Southern District Bar No. 1401529
Phillip.Ledbetter@oag.texas.gov

Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, TX 78711-2548
Telephone: 512-475-4152
Facsimile: 512-320-0911

COUNSEL FOR THE STATE OF TEXAS ON BEHALF OF THE TEXAS GENERAL LAND OFFICE, THE TEXAS PARKS AND WILDLIFE DEPARTMENT, AND THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY

* Counsel for the State of Texas provided consent for the placement of his electronic signature on this pleading.